Gregg S. Kleiner, State Bar No. 141311
McKENNA LONG & ALDRIDGE LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California 94105
Telephone No.: 415-267-4000
Fax No.: 415-267-4198
Email: gkleiner@mckennalong.com

Counsel for MOHAMED POONJA,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>DAVID VIET TRAN and CHRISTINE HUONG PHAM,<br><br>Debtors. | Case No. 12-56884 CN<br>Chapter 7<br>Hon. Charles Novack<br><br>**TRUSTEE'S MOTION REQUESTING THE COURT TO (1) VACATE THE FINAL DECREE ENTERED IN THE DEBTORS' CASE AND (2) SET ASIDE THE SECTION 554(c) "TECHNICAL ABANDONMENT" OF THE DEBTORS' ASSETS**<br><br>Date: February 7, 2014<br>Time: 2:00 p.m.<br>Place: 280 S. First Street<br>Courtroom 3070<br>San Jose, CA 95113 |

Mohamed Poonja, the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of David Viet Tran and Christine Huong Pham (collectively, "Debtors") files this Motion to vacate the Court's May 15, 2013 "Discharge of Debtor and Final Decree" ("Final Decree") and to set aside the Section 554(c) "technical abandonment" of the Debtors' assets so the Trustee may administer the Debtors' assets for the benefit of their creditors.

The Trustee files this motion under Federal Rule of Civil Procedure 60(a) to (i) correct the clerical error that resulted when the clerk prematurely enter the Final Decree and (ii) to set aside

1

the technical abandonment of the Debtors' scheduled assets that resulted from the inadvertent entry of the Final Decree.

A.  **Background**

The Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 21, 2012 ("Petition Date"). The Debtors filed their Schedules and Statement of Affairs on October 31, 2012 [Docket 13]. Among the assets scheduled by the Debtors are:

(a) Schedule A: real property located at 3179 Heritage Springs Ct., San Jose, California ("Residence"). The Debtors asserted the Residence had a value of $775,000 ("Scheduled Value") and was subject to secured claims in the amount of $709,868;

(b) Schedule B, Question 14: a 100% interest in Park Terrace Investments, LLC ("Park Terrace"). The Debtors asserted that Park Terrace had a value of $0; and

(c) Response to SOFA question 3, the Debtors state that in August and September of 2011, they had delivered $200,000 in cash to a third party in an attempt to reacquire family property that had been seized by the Government of Vietnam at the conclusion of the Vietnam war ("$200,000 advance").

See, Exhibit A, Trustee's Request for Judicial Notice, Debtors' Schedules and Statements of Financial Affairs [Docket 13].

The Trustee conducted the Section 341 meeting on November 28, 2012. At the conclusion of the Section 341 meeting, the Trustee filed a summary update on the case docket as follows: "Meeting of Creditors Held Trustee is investigating Title 18 issues. Debtor appeared. Joint Debtor appeared." Declaration of Mohamed Poonja in Support of Motion to Set Aside Final Decree and Set Aside Technical Abandonment ("Poonja Declaration"), ¶ 2. The Trustee contacted the Office of the United States Trustee and requested that they conduct a criminal investigation concerning, among other things, (i) multiple cash withdrawals made by the Debtors, each under $10,000, and (ii) the Debtors' delivery of $200,000 in cash to "an unknown person." *Id,* See also Docket 19.

On December 24, 2012, the Trustee and Debtors' counsel entered into a stipulation to extend the time for the Trustee to object to the Debtors' Discharge and the Court signed an order approving the stipulation [Dockets 17 and 18].

2

On January 16, 2013, the Debtors filed a Joint Declaration numbering over 55 pages providing additional details about the $200,000 advance [Docket 19]. Over the next several months, the Trustee continued his investigation of the value of the Park Terrace investment (real property located in North Carolina) and investigated the Debtors' statements with regard to the $200,000 advance. The Trustee has also evaluated the Residence and has concluded that it has a fair market value of approximately $1.2 million – over $400,000 greater than the Scheduled Value. Poonja Declaration, ¶ 3.

**B.  Clerk's Inadvertent Entry Of Final Decree**

The Final Decree was entered on May 15, 2013. The Final Decree provides, in part:

> It further appears that the trustee, Mohamed Poonja in the above – entitled case has filed a report of no distribution and said Trustee has performed all of the other and further duties required in the administration of said estate, it is hereby ORDERED that the chapter 7 case of the above named debtor is closed; that the Trustee is discharged and relieved of said trust

See, Request for Judicial Notice, Exhibit B [Docket 24].

The Final Decree was clearly entered in error. At the time the Final Decree was entered, the Trustee's investigation of the Debtors' case was very much open, active and ongoing. Contrary to the language in the Final Decree, the Trustee had **not** filed a no-asset report with the Court and he had not completed performing all of the "other and further duties" required of the Trustee. Poonja Declaration, ¶ 4.

On November 19, 2013, the Court entered its "Order Vacating Discharge of Debtor and Final Decree" ("Reopening Order") [Docket 26]. The order provides:

> "The order of discharge and final decree for the above-entitled debtors having been inadvertently entered on May 15, 2013, and the case closed on May 15, 2013;
>
> IT IS THEREFORE ORDERED that the Discharge of Debtor and Final Decree entered on May 15, 2013, be and is vacated and the case is reopened."

See, Request for Judicial Notice, Exhibit C.

The Reopening Order makes it clear that the closing of the case and entry of the Final Decree were clerical errors. However, the Reopening Order does not negate the technical abandonment of the Debtors' assets. *In re Devore*, 223 B.R. 193, 198 (9th Cir. BAP 1998).

3

Bankruptcy Code Section 554(c) provides that, upon entry of an order closing a debtor's case, all scheduled assets not otherwise administered at the time of the closing are abandoned to the debtor. Section 554(c) abandonment is generally referred to as "technical abandonment," which occurs automatically upon the closing of the case, without notice or hearing. *In re Devore*, 223 B.R. 193, 197 (9th Cir. BAP 1998) (Chapter 7 trustee filed no-asset report even though he was aware of judgment in favor of estate; BAP declined to set aside technical abandonment solely upon bankruptcy court's reopening of case under Section 350).

Bankruptcy courts, however, do have discretion under Section 554(c) to "prevent technical abandonment simply by ordering otherwise." *Devore* at 198. Bankruptcy courts can set aside technical abandonments in "appropriate circumstances."

> "Appropriate circumstances" have been found where the trustee is given false or incomplete information about the asset by the debtor; the debtor fails to list the asset altogether; or where the trustee's abandonment was the result of a mistake or inadvertence and with no due prejudice will result in a revocation of the abandonment.

*Devore* at 198.

In this case, the technical abandonment of the Debtors' assets occurred because the clerk inadvertently closed the Debtors' case. See, Reopening Order, RJN, Exhibit C. Clerical errors of this type constitute an "appropriate circumstance" for the Court to set aside the technical abandonment of the Debtors' assets. *Devore* at 198.

The Debtors' counsel has informed Trustee's counsel that entry of the Final Decree resulted in the "technical abandonment" of all the Debtors' scheduled assets pursuant to Bankruptcy Code Section 554(c). As noted above, the Residence holds significant equity for creditors. At the time the Final Decree was entered, the Trustee was working on a stipulation with the Debtors to try to preserve and recover the $200,000 advance. Poonja Declaration, ¶ 3. The Trustee has filed the instant motion to prevent the Debtors from being rewarded by this clerical error and prevent the Debtors from being allowed to retain, free and clear of the claims of their creditors, their scheduled assets.

///

4

The Debtors seek to have the Residence and other assets of their estate returned to their sole control and sole benefit by virtue of the Clerk's inadvertent entry of the Final Decree. Such a result would be unjust to the Debtors' creditors. The Trustee submits that the Court should correct the clerk's clerical mistake by vacating the Final Decree and clarify the Reopening Order so it is without doubt that there was no technical abandonment of any scheduled assets of the estate.

C. **The Court Should Revoke The Final Decree Pursuant To Federal Rule Of Civil Procedure 60(a), And Set Aside Any Technical Abandonment Of The Debtors' Scheduled Assets**

Federal Rule of Civil Procedure 60(a), made applicable to the Bankruptcy Rules pursuant to Federal Rule of Bankruptcy Procedure 9024, provides, in relevant part, as follows:

> (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

F. R. Civ.P. Rule 60(a).

The Reopening Order states that the Final Decree was entered "inadvertently" by the Clerk's office. The Final Decree was entered during a time when the Trustee was actively investigating the Debtors' estate. Poonja Declaration at ¶ 4. If the Court does not couple the Reopening Order with an order setting aside the technical abandonment of the Debtors' scheduled assets, inadvertent clerical errors by the Clerk's office will permanently alter a trustee's rights in assets of a debtor's estate, regardless of the time that a case is accidentally closed. In this case it will result in the return of at least one very valuable assets to the Debtors, the Residence, by technical abandonment before the Trustee has completed his investigation and administration of a Debtors' assets.

If the Court declines to couple the Reopening Order with an order setting aside the technical abandonment of the Debtors' assets, it would make no difference when a Final Decree was inadvertently entered – days before or days after the Section 341 meeting, following the Trustee's notice of a sale of assets, or even immediately after the petition was filed. Under all of these examples, the result and outcome would be the same – the technical abandonment of all of the debtor's scheduled assets, regardless of the status of the trustee's analysis and investigation of

5

the debtor's case. A trustee's administration of all of his cases would be constantly overshadowed by the possibility of an inadvertent, computer-generated final decree. If accidentally entered final decrees are not routinely set aside along with the technical abandonment of the debtor's assets, a trustee's ability to administer bankruptcy case assets would be curtailed without any notice, resulting in the rights of estate's creditors being governed by a computer quirk or human error and debtors being haphazardly rewarded with technically abandoned assets.

If a final decree inadvertently entered by clerical error were left to stand, the Chapter 7 process would be not much different than a game of chance. This is clearly not what Congress intended.

Rule 60(a) is a straightforward procedural mechanism to correct a clerical mistake.

> "... Fed.R.Civ.P. 60(a) [in] our circuit focuses on what the court originally intended to do. [Cites omitted.] A judge may invoke Rule 60(a) in order to make a judgment reflect the actual intentions of the court . . . ." [Cite omitted.] Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record. [Cite omitted.] The error can be corrected whether it is made by the clerk or by the judge. [Cite omitted.]

*Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) (Rule 60(a) used to correct the prejudgment interest rate awarded to a plaintiff in a judgment).

In *In re Bestway Products, Inc.*, 151 B.R. 530 (Bankr. E.D. Cal. 1993) the clerk's office inadvertently entered the discharge of the debts of the principal of a corporate Chapter 7 debtor. A judgment creditor of the individual sought a revocation of the discharge ten years after its entry. In setting aside and revoking the clerical error under Rule 60(a) Judge Klein held:

> Any "blunder in execution" can be corrected under Rule 60(a), while some other procedural basis (e.g. Rule 60(b)) is needed when the court is changing its mind. *Blanton*, 813 F.2d at 1577 n. 2. When the blunder is the entry of an order as a ministerial act that does not constitute a conscious determination by a judicial officer, the entire order may be vacated. Accordingly, orders incorrectly entered by the clerk may be, and commonly are, vacated under Rule 60(a).

*Bestway*, at 535.

///

6

Section 554(c) expressly contemplates that a Court may enter an order "otherwise" altering the technical abandonment of assets under Section 554(c), and Section 554(c) does not require that the such an order be entered prior to the closing of the case. *Spear v. In re Schafler,* 263 B.R. 296, 303 (N.D. Cal. 2001) (affirming the bankruptcy court's judgment reversing the technical abandonment of scheduled assets 22 months after the case was closed).

**D.** **Conclusion**

The Debtors' creditors should not be denied a potential dividend because of a clerical error. The Trustee respectfully requests the Court to correct the Clerk's clerical error by vacating the Final Decree and setting aside the technical abandonment of the Debtor's assets that was caused by an erroneous ministerial act of the Clerk.

DATED: December 31, 2013    McKENNA LONG & ALDRIDGE LLP

By: _____
GREGG S. KLEINER
Counsel for Mohamed Poonja, Trustee in Bankruptcy

7