Gregg S. Kleiner, State Bar No. 141311
McKENNA LONG & ALDRIDGE LLP
One Market Plaza
Spear Tower, 24th Floor
San Francisco, California 94105
Telephone No.: 415-267-4000
Fax No.: 415-267-4198
Email: gkleiner@mckennalong.com

Counsel for MOHAMED POONJA,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

DAVID VIET TRAN and CHRISTINE HUONG PHAM,

Debtors.

Case No. 12-56884 CN
Chapter 7
Hon. Charles Novack

**REPLY TO OPPOSITION RE MOTION TO (I) VACATE FINAL DECREE AND (II) SET ASIDE SECTION 554(c) "TECHNICAL ABANDONMENT"**

Date: February 7, 2014
Time: 2:00 p.m.
Place: 280 S. First Street
Courtroom 3070
San Jose, CA 95113

The Debtors' opposition to the Trustee's Rule 60(a) motion seeks to inject a new legal basis, Federal Rule of Civil Procedure 60(b)(1), by which the Debtors would like the Court to analyze the Trustee's motion. The Court should not be sidetracked by this red herring.

The Trustee's motion is straightforward and simple. On May 15, 2013, the Clerk's office inadvertently closed the Debtors' case, granting the Debtors' discharge and entering the Final Decree.[1] Request for Judicial Notice, Exhibit B [Docket 37-2]. On November 19, 2013, the Court vacated the Debtors' discharge and the Final Decree. The Reopening Order provides, in part:

---

[1] All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion, Docket 37.

1

"The order of discharge and final decree for the above-entitled debtors having been *inadvertently* entered on May 15, 2013, and the case closed on May 15, 2013." Request for Judicial Notice, Exhibit C [Docket 37-2] (emphasis supplied).

As noted in the Motion, the Reopening Order did not set aside the technical abandonment of the Debtors' assets. Bankruptcy courts, however, do have discretion under Section 554(c) to "prevent technical abandonment simply by ordering otherwise." *In re Devore*, 223 B.R. 193, 198 (9th Cir. BAP 1998). The Trustee seeks to have the Court exercise this discretion by correcting the impact of the clerical error pursuant to Federal Rule of Civil Procedure 60(a).

Federal Rule of Civil Procedure 60(a) allows the Court to correct this type of clerical error.[2] *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) ("Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record. [Cite omitted.] The error can be corrected whether it is made by the clerk or by the judge. [Cite omitted]); *In re Schafler*, 63 B.R. 296, 303 (N.D. Cal. 2003) affirming bankruptcy court judgment reversing the technical abandonment of scheduled assets 22 months after the case was closed); and *In re Bestway Products, Inc.*, 151 B.R. 530, 535 (Bankr. E.D. Cal. 1993) ("When the blunder is the entry of an order as a ministerial act that does not constitute a conscious determination by a judicial officer, the entire order may be vacated. Accordingly, orders incorrectly entered by the clerk may be, and are, vacated under Rule 60(a)").

Instead of directly addressing the legal arguments raised under the Motion pursuant to Federal Rule of Civil Procedure 60(a), the opposition cites a series of cases related to Federal Rule of Civil Procedure 60(b)(1), seeking to somehow make the Trustee responsible for the inadvertently entered Final Decree. The cases cited by the Debtors are factually and legally distinguishable and are not relevant to the Motion. All of the cases concern Rule 60(b) (not Rule 60(a)) and none of the cases involve the setting aside of the technical abandonment when the case had been closed inadvertently by the clerk's office.

---

[2] FRCP 60(a) provides, in relevant part: "The Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." F. R. Civ.P. Rule 60(a).

*In re Cisneros*, 994 F.2d 1462 (9th Cir. 1993) involved a Chapter 13 case where the IRS filed a proof of claim and, for reasons which "remain obscure," the Chapter 13 trustee did not receive notice. Without paying the IRS claim, the Chapter 13 trustee filed its final report and accounting and the debtors received their discharge under 1328(a). Approximately nine months after the debtors received their discharge, the IRS moved to reopen the debtors' case and to vacate the discharge order because the debtors had not completed all payments required under their plan. In affirming the trial court and BAP's decision to vacate the debtors' Chapter 13 discharge, the Ninth Circuit relied on Rule 60(b) (not 60(a)), to "vacate an order of discharge entered by mistake." *Cisneros* at 1466.

The Debtors also rely on *In re Sas*, 488 B.R. 178 (Bankr. NV 2013). In *Sas*, the Chapter 7 trustee was made aware of a pre-petition personal injury claim that the debtors had against a third party. Notwithstanding the trustee's active investigation of the litigation, the trustee filed a no-asset report and the case was closed. After the case was closed, the debtors obtained a material judgment. The trustee filed a motion to reopen the case, sought turnover, and requested the court set aside the technical abandonment of the litigation pursuant to Federal Rule of Civil Procedure 60(b). The court denied the motion.[3]

Unlike *Sas*, the Trustee **did not** file a no-asset report with the clerk's office and was still investigating and reviewing the scheduled assets. See, Declaration of Mohamed Poonja, ¶ 4. Once the Trustee concluded the Residence had equity, he took action to sell the property by engaging a real estate agent and filing this motion.

The Debtors seek to capitalize on the clerk's clerical error and retain their Residence, a property with well over $400,000 in equity. Rule 60(a) is intended to prevent the Debtors from reaping this type of award from an acknowledged mistake. *In re McClellan*, 459 BR 371, 375-376 (Bankr. ED Wisc. 2011) (In overruling the debtor's objection to a motion filed by the UST to

---

[3] The Opposition also cites *In re Valenti*, 310 BR 138 (9th Cir. BAP 2004) and *In re Williams*, 287 BR 787 (9th Cir BAP 2002) in support of their position. Neither of these decisions has any application to the facts and circumstances in this case: *Valenti* involved the application of Section 1330(a) to a confirmed plan where a creditor sought to revoke confirmation more than 180 days after confirmation and *Williams* concerned a creditors belated motion to set aside a judgment under FRCP 60(b).

3

correct a 727 judgment where the court intended to deny discharge under Section 727(a)(2), but, instead denied discharge under Section 727(a)(8), the court discussed the purpose of Rule 60(a): "Clearly, '[a]dvantage to a party in allowing a mistake to stand as part of a judgment or order is exactly what Rule 60(a) seeks to prevent, and efforts to avoid correction by calling the mistake a matter of substance or a substantial error, rather than one of form, will not succeed where the record itself reflects an error of form in presenting what the court decided or intended to do.' [cites omitted].

The Opposition asserts that if the motion is granted, the Debtors will be prejudiced. Declaration of David Tran, ¶¶ 9-11 [Docket 43-9]. The primary prejudice the Debtors will suffer is the loss of the appreciation of the Residence: "As a consequence of the appreciation, we will be greatly prejudiced were the Trustee able to sell the Residence." Declaration of David Tran, ¶ 9 [Docket 43-9].[4] It is without question that the bankruptcy estate alone is entitled to receive the benefit of all post-petition appreciation in the Residence. *In re Alsberg*, 68 F.3d, 312 (1995).

The only parties that will be prejudiced if the motion is not granted are the creditors of the Debtors' estate who are owed in excess of $544,000. See, Claim 1, filed by East West Bank on January 14, 2014.

## CONCLUSION

The Trustee requests that the Court correct the Clerk's clerical error by vacating the Final Decree and setting aside the technical abandonment of the Debtors' assets.

DATED: January 30, 2013   McKENNA LONG & ALDRIDGE LLP

By: _____
GREGG S. KLEINER
Counsel for Mohamed Poonja, Trustee in Bankruptcy

---

[4] The Debtors have provided no evidence that they would be prejudiced if the Court grants the Trustee's motion. "The harm caused by setting aside an order must be tangible, meaning that it hinders the moving party's ability to pursue its claim." *In re Sas*, at 185 (cites omitted).

4